ON a writ of error to the Superior Court in and for Sussex County, heard before Saulsbury, Chancellor, and Wooten and Houston, Judges. It was to a judgment of confirmation rendered in the court below on the report of referees in a case referred to them out of court by consent of parties, in which the plaintiff had sued the defendants for professional services rendered by him as a physician to certain outside poor persons of the county affected with the small-pox, and for which the referees, after hearing it, had awarded him the sum of twenty-five dollars.
Robinson for the defendants in error, said that he had neither demurred nor pleaded to the writ of error, and would now move to dismiss it, for the reason that the causes of error assigned did not disclose any matter of alleged error of which this court could take cognizance or had any jurisdiction in such a case.
Layton, Moore with him for the plaintiff in error. There was no hearing of the case on the facts and the evidence in the court below, and therefore there was no bill of exceptions tendered in the case, for, of course, none could have been on the hearing before the referees, although they clearly erred in considering that the words of the statute, which provides that the trustees of the poor may
in such a case pay the physician a just compensation for his services, made the amount to be allowed a matter of discretion of their part purely, whereas the correct and well-settled import of the wordmay in that connection in the statute, was shall, and should have been so considered and construed by them. Rev. Code, 234, § 11, Salk., 609; Dwar. *Page 14 
on Stat. (9 Law Libr., 53, 54.) But no bill of exceptions was necessary in the case, because the error assigned and relied on fully appeared on the face of the record sent up, and were now before this court.
The Court can take cognizance of no error in this case, except such as appear in the judgment or proceedings in the court below, and as by the record of the case now before this court, no error appears in the judgment or proceedings, we must direct the writ of error in this case to be dismissed, and the plaintiff in error to pay the costs.